IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES ANTHONY SIMMONS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2747 |
| | : | |
| **ERIC RIESER**, *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM

**SCHMEHL, J.** */s/ JLS*                                                                                 AUGUST 4, 2025

Plaintiff Charles Anthony Simmons, currently incarcerated at George Hill Correctional Facility, initiated this civil action by filing a *pro se* Complaint against Officer Eric Rieser and "Unknown Partner to Eric Rieser" based on events that occurred in August 2008. (ECF No. 2. ("Compl.")) He seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Simmons leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

**I.     FACTUAL ALLEGATIONS**[1]

In mid-August 2008, Simmons was riding his bike near his home on the 2700 block of Oakdale Street in Philadelphia when a neighbor alerted him that police were at his house looking

---

[1] The facts set forth in this Memorandum are taken from Simmons's Complaint (ECF No. 2). The Court adopts the pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up. The Court may consider matters of public record when conducting a screening under § 1915. *See Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)). The Court may also take judicial notice of prior court proceedings. *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)).

for him.  (Compl. at 12.)  Simmons was then chased by two officers in a police car, who eventually caught up to Simmons.  (*Id.*)  One of the two officers reached out of the car window and struck Simmons in the back of the head with a "hard dark object."  (*Id.*)  After stopping the car, the same officer exited the vehicle, stomped on Simmons's head, then handcuffed him.  (*Id.*)  The two officers took Simmons to a nearby police station, then 5-6 hours later dropped him at a hospital for treatment of his head injury.  (*Id.*)  Because Simmons feared the officers would return and harm or even kill him, he ran away rather than seek treatment.  (*Id*. at 5.)  Six weeks later, Simmons suffered renal failure and was hospitalized for 22 days.  (*Id.*)  Simmons was ultimately given a citation for disorderly conduct based on the August 2008 incident, which was later dismissed.  (*Id*. at 4.)  Liberally construed, Simmons brings Fourth Amendment excessive use of force and unreasonable seizure claims against the Defendants based on the August 2008 incident, as well as state law claims for assault, stalking, harassment, false arrest, theft and destruction of property, false sworn statements, and conspiracy to deprive him of his constitutional rights.  (*Id*. at 3.)  Simmons "want[s] . . . Rieser and his Partner to be held to account for what they did to [him]" as well as $160,000 in punitive damages.  (*Id*. at 5.)

       This is not the first time Simmons has brought these claims before this Court.  In 2010, Simmons filed suit against Officer Rieser, his partner, and three supervisors in *Simmons v. Rieser, et al.*, No. 10-5216, based on the same August 2008 use of force incident alleged in this case.[2]  The case was ultimately dismissed with prejudice on January 26, 2017 as time-barred, after Simmons failed to submit an inmate trust account statement for more than three years after

---

[2] Simmons also appears to have sued the same parties on July 6, 2009 in *Simmons v. Rieser, et al.*, No. 09-3006, however there is no complaint on the docket for that case reflecting the nature of his claims.  The case was closed on September 11, 2009 because Simmons failed to timely file a copy of his inmate trust account statement. *See Simmons v. Rieser, et al.*, No. 09-3006 (E.D. Pa.) (ECF No. 3).

initially filing his application to proceed *in forma pauperis*. *See Simmons v. Rieser*, No. 10-5216 (ECF No. 4). Simmons did not appeal that judgment.

## II. STANDARD OF REVIEW

The Court will grant Simmons leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. Whether a complaint fails to state a claim to relief under § 1915(e)(2)(B)(ii) is an inquiry governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court must also dismiss any claims that seek monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). As Simmons is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Additionally, a court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d

---

[3] Because Simmons is incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Cir. 2017) (statute of limitations); *see also Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) (*res judicata*).

## III. DISCUSSION

### A. Statute of Limitations

Because the events giving rise to Simmons's claims occurred in 2008, they are time-barred. Section 1983 claims, such as those brought by Simmons, are subject to the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524. A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005).

Simmons's claims accrued at the time he was allegedly injured and detained by Officer Rieser and his partner, *i.e.*, in mid-August 2008. Accordingly, he was required to bring his claims by August 2010, at the latest. Since he did not file this lawsuit until May 27, 2025, it is apparent from the face of the Complaint that his claims must be dismissed as time barred.[4]

---

[4] Tolling does not save Simmons's claims. In his earlier suit, the Court considered whether the application of tolling might render the claims timely, but concluded no such scenario was possible "because [Simmons's] delay in this case -- totaling 1,191 days or three years, three months, and three days -- far exceeds any reasonable tolling period." *Simmons v. Rieser*, No. 10-

4

**B.     Claim Preclusion**

Moreover, Simmons's claims are barred by claim preclusion.  "The doctrine of res judicata (also known as claim preclusion) applies when three conditions are present: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Fam. C.L. Union v. State*, 386 F. Supp. 3d 411, 437 (D.N.J. 2019) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)), *aff'd sub nom. Fam. C.L. Union v. Dep't of Child. & Fams., Div. of Child Prot. & Permanency*, 837 F. App'x 864 (3d Cir. 2020).

Turning to the first *res judicata* factor, the Court considers whether there was a final judgment on the merits in Simmons's 2010 lawsuit.   The case was dismissed with prejudice as time-barred in a January 26, 2017 judgment.  *Simmons v. Rieser* No. 10-5216 ((ECF No. 4). While the Court did not address the substance of Simmons's claim, it was nevertheless a final judgment on the merits.  *See Singer v. Bureau of Prof'l & Occupational Affairs*, 648 F. App'x 193, 194 (3d Cir. 2016) ("[T]he fact that the claims were previously dismissed as time-barred does not prevent application of claim preclusion."); *see also Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.").

---

5216 (ECF No. 4 at 4-5, n.4).  That conclusion is only bolstered by the lapse of an additional eight years.
    In the Exhaustion of Administrative Remedies section of his Complaint, Simmons appears to argue that his earlier case was dismissed on statute of limitations grounds due to the failure of prison officials to timely produce a copy of his inmate trust account statement. (Compl. at 7-8.)  To the extent Simmons believes the court wrongly dismissed his case in January 2017, the time to file a notice of appeal has long passed.  *See* Fed. R. App. P. 4(a)(1)(A) (in most cases notice of appeal of district court ruling "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

As to the second factor, in this case Simmons is again suing Officer Rieser and his partner based on the same August 2018 use of force incident, thus the second *res judicata* factor is met.[5]

Turning to the third *res judicata* factor, the Court considers whether the two suits are based on the same cause of action.  In the earlier lawsuit, Simmons alleged that while riding his sister's bicycle one block south of Oakdale and 28th street, "on or about August 3-7th of 2008" he was "first maced, then struck from behind by Officer Risner" and "awoke to massive pressure to my head." *Simmons v. Rieser*, No. 10-5216 ((ECF No. 1-2 at 2-3).  He alleges Rieser then kicked and punched him, took his personal belongings, and threatened to charge him with aggravated assault on a police officer.  (*Id.*)  Simmons "sustained head, neck, kidney, spin[e] and lower back/pelvic injuries." (*Id.*)  He "was later treated for renal failure, stage (4) four kidney disease" and other medical problems.  (*Id.*)

The Court considers several factors in determining whether the causes of action in two cases are sufficiently alike: "(1) whether the acts complained of and the demand for relief are the same . . .; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . .; and (4) whether the material facts alleged are the same. It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (internal quotation and citation omitted).  Simmons's instant claims are based on the same August 2008 incident with police that gave rise to his 2010 lawsuit.  While certain details of the two suits are not identical, the material facts alleged are the same, i.e. that Officer Rieser used unreasonable, unprovoked force on Simmons while he was riding his bike near his home,

---

[5] The earlier suit also named as Defendants two supervisory officers and the Philadelphia Police Commissioner. *Simmons v. Rieser*, No. 10-5216 (ECF No. 1-2 at 1).

resulting in various physical injuries. *See Fam. C.L. Union*, 386 F. Supp. 3d at 439 (finding third res judicata factor met despite "minor differences in the exact facts alleged and the particularities of the incidents"). As for the relief being sought, Simmons's 2010 lawsuit asked, among other things, for Officer "Rieser [to be] investigated and rightly charged; removed from active duty pending criminal investigation" for Rieser's partner to be "investigated, reprimanded, and ordered to attend classes" on preventing his partner from "needlessly assaulting people held in their custody" and for $1,670,000 in monetary damages. *Simmons v. Rieser*, No. 10-5216 (ECF No. 1-2 at 6-7)). This relief overlaps significantly with the relief sought in the instant case, in which Simmons "want[s] . . . Rieser and his Partner to be held to account for what they did to [him]" as well as $160,000 in punitive damages. (Compl. at 5.) Because the acts complained of and the relief being sought in the two lawsuits are largely the same, the Court finds the instant case to be based on the same cause of action as Simmons's 2010 suit. Although Simmons asserts some additional legal claims against Rieser and his partner in the current lawsuit not included in the earlier suit, including for harassment, stalking, false arrest, and conspiracy, these are claims Simmons could have brought in the earlier suit and are likewise subject to claim preclusion. *See Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (claim preclusion applies not only to claims brought in a previous lawsuit, but also to claims that could have been brought in that suit). Based on the analysis above, the Court finds that Simmons seeks to re-assert a cause of action that was previously dismissed in a final decision on the merits and is accordingly barred by *res judicata*. The Court will therefore dismiss his claims with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Simmons leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal will

be with prejudice, because he cannot cure the defects identified above through amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend need not be granted where "amendment would be inequitable or futile"). An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).